(June 10, 1915.)

GORDON DAUGHERTY, Appellant, v. JOHN G. NAGEL, as a Member of the Board of County Commissioners of Bonner County, Respondent.

[149 Pac. 729.]

APPEAL—MOTION TO DISMISS—COUNTY OFFICER—REMOVAL OF—EXPIRATION OF TERM—OFFICIAL DUTY—NEGLECT TO PERFORM—PROCEEDING QUASI CRIMINAL.

1.   Under the provisions of sec. 7459, Rev. Codes, for the removal of officers, if proceedings are brought thereunder before the term of the officer expires, the expiration of the term pending the determination of the cause does not work a dismissal of the proceeding.

2.   The proceedings under sec. 7459, Rev. Codes, are in the nature of a *quo warranto* and are *quasi criminal.*

APPEAL from the District Court of the Eighth Judicial District.   Hon. R. N. Dunn, Judge.

·  Action to remove a county officer under the provisions of sec. 7459, Rev. Codes.   Motion to dismiss appeal.   *Denied.*

Orley C. Granger, Peter Johnson and Black & Wernette, for Appellant.

The judgment of removal and the judgment imposing the penalty are not interdependent, but each must be rendered upon proof of guilt; one is for the benefit of the public, and

the other for the benefit of the informer, and the accused is accountable both to the public and to the person who prosecutes the action.

The law says that if any person shall file his information and prove his charge, that he will be entitled to a certain judgment; and for the purpose of determining whether he is so entitled, it is necessary for the court to hear the information and the evidence offered by the respective parties, and to then say whether or not the charge is sustained. (*Rankin v. Jauman,* 4 Ida. 53, 36 Pac. 502; *Ponting v. Isaman,* 7 Ida. 581, 65 Pac. 434.)

An action does not abate by reason of the expiration of the controverted term of office, if the accused official is subject to the imposition of a fine and the costs of the action in the event of his removal. (*People ex rel. Drew v. Rodgers,* 118 Cal. 393, 46 Pac. 740, 50 Pac. 668.)

"Information in the nature of a *quo warranto* to try the right to a public office may be tried after the term is expired or the officer holding has resigned, if the information was filed or proceedings begun before the resignation took place or the term has expired." (*Hunter v. Chandler,* 45 Mo. 452; *McClelland v. Erwin,* 16 Okl. 612, 86 Pac. 283; *People v. Hartwell,* 12 Mich. 508, 86 Am. Dec. 70; *Albright v. Territory ex rel. Sandoval* (N. M.), 79 Pac. 719.)

Where the question involved in the case is of public interest, the appeal will not be dismissed though the question is no longer a practical one. (*In re Cuddeback,* 3 App. Div. 103, 39 N. Y. Supp. 388; *People ex rel. Spire v. General Committee,* 25 App. Div. 339, 49 N. Y. Supp. 723; 32 Cyc. 1440.)

H. H. Taylor, for Respondent.

An officer cannot be removed in one term for offenses committed in a prior term. (*Thurston v. Clark,* 107 Cal. 285, 40 Pac. 435; *Conant v. Grogan,* 43 Hun, 637, 6 N. Y. St. 322; *State v. Watertown,* 9 Wis. 254; *State v. Loomis* (Tex. Civ.), 29 S. W. 415; *Smith v. Ling,* 68 Cal. 324, 9 Pac. 171; *Woods v. Varnum,* 85 Cal. 639, 24 Pac. 843.)

The court will not entertain an appeal after a change in circumstances which leaves only moot questions for decision. (2 R. C. L., sec. 145; *State v. Tudor*, 5 Day (Conn.), 329, 5 Am. Dec. 162; *People v. Sweeting*, 2 Johns. (N. Y.) 184; *Norwood* v. *Clem*, 143 Ala. 556, 39 So. 214, 5 Ann. Cas. 625; *State v. Grand Jury*, 37 Or. 542, 62 Pac. 208; *People v. Common Council of Troy*, 82 N. Y. 575; *Hice v. Orr,* 16 Wash. 163, 47 Pac. 424; *Moores v. Moores*, 36 Or. 261, 59 Pac. 327; *Old River Rice Irr. Co. v. Stubbs* (Tex. Civ.), 133 S. W. 494.)

SULLIVAN, C. J.—This proceeding was brought for the summary removal of the defendant, who was a member of the board of county commissioners of Bonner county, under the provisions of sec. 7459, Rev. Codes, on the ground that the defendant was guilty of charging and collecting illegal fees for services rendered or to be rendered in his said office, and has refused and neglected to perform the official duties pertaining to his office.

A demurrer to the information was interposed and was sustained as to the first cause of action and overruled as to the second cause stated in the information. The trial court proceeded to try said matter and at the close of plaintiff's testimony granted a motion for a nonsuit and a judgment of dismissal was entered and a motion for a new trial was denied. The appeal is from the judgment and from the order denying the new trial.

A motion to dismiss the appeal has been filed by the respondent on the ground and for the reason that the respondent has ceased to be a county commissioner of Bonner county by the expiration of his term of office, and that the question of his removal has thus become a moot question and that the district court has not and would not have jurisdiction to enter judgment of removal in case the appeal should be determined in favor of the appellant.

*In limine,* we will state that the information in this case was filed on the 10th of March, 1914, and the judgment of the district court was entered on the 21st of May, 1914, and the appeal was taken on the 14th of August, 1914, and the

cause should have been heard at the December, 1914, term of this court, but on account of the congested condition of the business of the court, it was unable to hear it at that time and the case was continued to the May, 1915, term. Defendant's term of office did not expire until the second Monday of January, 1915, hence the entire proceedings in said matter had been had and the appeal perfected before the defendant's term of office had expired.

Said sec. 7459 is found in our Revised Statutes of 1887, and it is there indicated that it is a new section added by the code commission who compiled the Revised Statutes of 1887. That section was taken from the California Codes and is substantially the same as section 772 of the Penal Code of that state and was enacted by the legislature of that state on February 14, 1872. Counsel for respondent cites a number of California cases in support of his motion to dismiss the appeal, one of which is *Smith v. Ling,* 68 Cal. 324, 9 Pac. 171. In that case the information was filed and the proceedings begun after the defendant had ceased to be an officeholder, and it is distinguishable from the case at bar in that the case at bar was begun and the appeal perfected before the term of office of the defendant had expired. In that case it is also held that the fine is but a sequence of the paramount object of the statute, namely, the removal from office of the incumbent.

The same may be said of *In re Stow,* 98 Cal. 587, 33 Pac. 490, where it was held that the proceedings must be instituted while the accused is still in office and not after the term has expired.

In *Wheeler v. Donnell,* 110 Cal. 655, 43 Pac. 1, the court held that the main purpose of the act is to secure the removal of the officer guilty of unlawful conduct and the money judgment provided for is purely incidental to that purpose.

Counsel also cites many authorities to the effect that the court will not entertain an appeal after a change in circumstances which leaves only a moot question for decision.

The case of *Albright v. Territory* (N. M.), 79 Pac. 719, involved *quo warranto* proceedings to try title to the office of

assessor of one of the counties of New Mexico and was taken
by writ of error to the supreme court of the then territory,
and a motion was interposed for the dismissal of the writ of
error upon the ground that the term of office of the respond-
ent had expired and that there was then nothing upon which
the judgment of the court in case of a reversal could operate.
The opinion is quite exhaustive and reviews many authorities
and it is stated therein as follows:

"From a very early date it has been held that at common
law the cessation of the usurpation before judgment did not
terminate the proceeding. . . . . 'So, where a statute gives
the prevailing party in proceedings upon a *quo warranto*
information the right to costs absolutely, the court will give
judgment of ouster, notwithstanding the information is en-
tirely fruitless, the term of office having long since expired.
[Citing *People v. Loomis,* 8 Wend. (N. Y.) 396, 24 Am. Dec.
33.] And the fact that the respondent's term of office has
expired pending the proceedings will not prevent judgment
of ouster against him.' [Citing *Hammer v. State,* 44 N. J.
L. 667; High on Extraordinary Legal Remedies, § 754.] We
have examined the cases cited in the text just quoted, and
we find that they, and, indeed, generally speaking, the best
considered American cases, all hold that the expiration of
the term constitutes no reason for dismissal. . . . . In *Hun-
ter v. Chandler,* 45 Mo. 452, it is said: 'Information in the
nature of *quo warranto* to try the right to a public office
may be tried after the term has expired, or the officer hold-
ing has resigned, if the information was filed or proceedings
begun before the resignation took place or the term has ex-
pired.' . . . . In the case of *Commonwealth v. Smith,* 45 Pa.
St. 60, it is said by the court, through Mr. Justice Woodward:
'I have no doubt that *quo warranto,* brought within the term
of an office, may be well tried after the term has expired.' "

If the position taken by respondent in this case be correct,
as held in the Albright case, "it would be within the power
of the usurper of an office, by resignation pending the suit,
to evade all liability, or by dilatory tactics and by availing
himself of the law's delays, to prolong the duration of almost

every suit of this kind beyond the term of office involved, and thus to come free of costs, fine or damages, however flagrant may have been his usurpation. The possibilities of this result are more than remote when it is recalled that many terms of office are only one or two years in duration, and that, in the ordinary administration of justice, it often takes fully that length of time to secure from the court of final resort a decision upon the merits of the controversy. We do not believe it to be the law that a litigant can thus speculate upon the chances of a trial of his case, and, by delaying the hearing of the cause a sufficient length of time, accomplish a result which could never be obtained by a trial upon the merits.''

While the Albright case is a *quo warranto* proceeding, the rule there laid down in regard to the question under consideration is certainly applicable to this class of cases, and clearly shows why a case of this nature should not abate by reason of the resignation of the officer or the expiration of his term pending the hearing on appeal. Statutory proceedings under sec. 7459 are somewhat in the nature of *quo warranto* and are *quasi* criminal.

The question involved is also one of public interest, and if an officer against whom proceedings are brought under the provisions of sec. 7459, Rev. Codes, should be ever so guilty of charging and collecting illegal fees for services rendered, or ever so derelict in his refusal or neglect to perform the official duties pertaining to his office, and could defeat or abate a proceeding brought against him, it would be too much of an inducement for such an officer to resign or delay the proceedings until his term of office had expired in order to avoid the penalty provided under sec. 7459.

We therefore conclude that the motion to dismiss the appeal must be denied, and it is so ordered. Costs to follow decision of case on its merits.

Budge and Morgan, JJ., concur.