(October 30, 1915.)

## P. E. McROBERTS, Appellant, v. BLAIR E. HOAR, Respondent.

[152 Pac. 1046.]

PUBLIC OFFICIALS—GROUNDS FOR REMOVAL UNDER SEC. 7459, REV. CODES —FEES—INFORMATION—PROPER ACTS TO BE ALLEGED—PUBLIC OFFICIAL'S CONTRACTS—INCREASED COMPENSATION—VOID—MONEY PAID THEREUNDER RECOVERABLE.

    1. *Held*, that under sec. 7459, Rev. Codes, there are two grounds provided for the removal of a public officer: First, where he is guilty of charging and collecting illegal fees for services rendered or to be rendered in his office; and, second, where he has refused or neglected to perform official duties pertaining to his office.

    2. The term "fees," as used in sec. 7459, Rev. Codes, designates the sums authorized by law to be charged for services rendered by a public officer in the discharge of his duties as prescribed by law.

    3. Sec. 7459, Rev. Codes, is a penal statute and intended to punish public officials for charging and collecting illegal fees for services rendered in their official capacity, or for neglecting to perform official duties pertaining to their office. And for these offenses a public officer can be informed against and prosecuted by a private person.

---

On the power of an officer to contract with the public body or municipality which he represents, see note in 15 L. R. A. 520.

But no proceeding can be maintained by a private individual against a public official under this statute for any other kind of misconduct.

[As to exacting unauthorized fee as extortion, see note in **Ann. Cas. 1913D**, 453.]

4. Where it affirmatively appears on the face of an information that the public officer did not charge or collect illegal fees for services rendered in his office, but that such compensation was paid him under a contract entered into for services rendered independent and outside of the duties of his office, sec. 7459, Rev. Codes, does not apply. (*Corker v. Pence*, 12 Ida. 152, 185 Pac. 388; *Ponting v. Isaman*, 7 Ida. 283, 284, 62 Pac. 680; and *Collman v. Wanamaker*, 27 Ida. 342, 149 Pac. 292, cited and followed.)

5. Where, in an action to remove a public officer under sec. 7459, Rev. Codes, the informer relies on the collection of illegal fees as the basis of his complaint, it must be alleged and proved by competent evidence that the official was guilty of charging and collecting illegal fees for services rendered in his office while acting in his official capacity; that he charged and collected fees not authorized by law for services prescribed by law; or that he presented for allowance to the board of county commissioners for services rendered in his office and in his official capacity, a claim or claims for fees which were illegal and which illegal fees were allowed to, and appropriated by, said officer for his own use and benefit.

. [As to "cause" for which a public officer may be removed, see note in 135 Am. St. 251.]

6. Where the information by which a public official is sought to be removed from office charges with certainty the specific act for which the removal is sought, and from such act it clearly appears that no illegal fees were charged or collected, such information does not state facts sufficient to constitute a cause of removal under sec. 7459, *supra*.

7. *Held*, that under the provisions of sec. 7, art. 18 of the constitution, sec. 2115, Rev. Codes, as amended by Sess. Laws 1913, p. 154, sec. 255, Rev. Codes, and sec. 1946, Rev. Codes, a contract entered into between the county treasurer and the board of county commissioners of Clearwater county, by which the county treasurer was to perform certain extra work and receive extra compensation from the county therefor, was void *ab initio*, as against public policy, and of no force and effect; and that an appeal from the action of the board of county commissioners in letting such contract might have been successfully prosecuted or an action maintained for the recovery of moneys illegally paid thereunder.

APPEAL from the District Court of the Second Judicial District for Clearwater County. Hon. Edgar C. Steele, Judge.

Proceeding to remove a county treasurer under sec. 7459, Rev. Codes. Judgment for defendant. *Affirmed.*

C. J. Orland and J. R. Becker, for Appellant.

The contract entered into by the defendant was illegal and void and against public policy, for the reason that the defendant was receiving a fixed salary in payment for services rendered by him to Clearwater county, and was not entitled to any additional compensation for any services rendered to said county. (*Robinson v. Huffaker,* 23 Ida. 173, 129 Pac. 334; *Humboldt County v. Stern,* 136 Cal. 63, 68 Pac. 324; 11 Cyc. 429; *Irwin v. Yuba County,* 119 Cal. 686, 52 Pac. 35; *Power v. May,* 114 Cal. 207, 46 Pac. 6; *Mitchell v. Stoner,* 9 Cal. 203; *Raymond v. Madison County,* 5 Mont. 103, 2 Pac. 306; *Evans v. City of Trenton,* 24 N. J. L. 764; *Territory v. Carson,* 7 Mont. 417, 16 Pac. 569; *Peterson v. City of Butte,* 44 Mont. 401, Ann. Cas. 1913B, 538, 120 Pac. 483.)

In the case of *State v. District Court,* 44 Mont. 318, Ann. Cas. 1913B, 396, 119 Pac. 1103, the court had under consideration sec. 9006 of the Montana code, which conforms substantially to our sec. 7459. (*People v. O'Brien,* 96 Cal. 171, 31 Pac. 45; *Miller v. Smith,* 7 Ida. 204, 61 Pac. 824; *Rankin v. Jauman,* 4 Ida. 394, 39 Pac. 1111.)

The contention that this procedure is not applicable to defendant's case is fully answered in the case of *Skeen v. Craig,* 31 Utah, 20, 86 Pac. 487, which cites and follows Idaho cases. See, also, *Law v. Smith,* 34 Utah, 394, 98 Pac. 300; *Skeen v. Paine,* 32 Utah, 295, 90 Pac. 440; *Skeen v. Chambers,* 31 Utah, 36, 86 Pac. 492.

D. E. Hodge and G. W. Tannahill, for Respondent.

"When it is shown that such officer acted in perfect good faith, and under an honest conviction that he was entitled to the compensation claimed and collected, and was acting under

the legal advice of the county attorney, it is error to remove him from his office.'' (*Ponting v. Isaman,* 7 Ida. 581, 65 Pac. 434.)

Officers may recover for services not connected with their official duties, provided there shall have been a promise to pay them therefor upon the part of the municipal corporation employing them, or that the law implies a promise to pay. (*Converse v. United States,* 62 U. S. 463, 16 L. ed. 192; *United States v. Brindle,* 110 U. S. 688, 4 Sup. Ct. 180, 28 L. ed. 286; *Baker v. Board of Commissioners,* 9 Wyo. 51, 59 Pac. 797; *State v. Flynn,* 161 Ind. 554, 69 N. E. 159; *Kollock v. Dodge,* 105 Wis. 187, 80 N. W. 608; *Board of Commrs. v. Mitchell,* 131 Ind. 370, 30 N. E. 409, 15 L. R. A. 520; *State ex rel. Board of Commrs. v. Shutts,* 161 Ind. 590, 69 N. E. 397; 2 Abb. Mun. Corp., sec. 686a; *United States v. Hill,* 120 U. S. 169, 7 Sup. Ct. 510, 30 L. ed. 627; *Slayton v. Rogers,* 128 Ky. 106, 107 S. W. 696.)

There is no allegation in the information anywhere showing that Hoar collected, or attempted to collect, any of the "fees" provided by sec. 7459, Rev. Codes.

The allegation is, that he collected a compensation, contracted for openly by him, with the county commissioners. The question of whether that act was lawful or unlawful should not be tried out in this sort of a proceeding. (*Corker v. Pence,* 12 Ida. 152, 85 Pac. 388; *In re Stow,* 98 Cal. 587, 33 Pac. 490; *Triplett v. Munter,* 50 Cal. 644; *Crossman v. Lesher,* 97 Cal. 382, 32 Pac. 449; *Smith v. Ling,* 68 Cal. 324, 9 Pac. 171; *Skeen v. Craig,* 31 Utah, 20, 86 Pac. 487.)

It is not the intention of the act in question to punish officials for acts committed, be they right or wrong, perpetrated outside of, and not within the scope of, the duties imposed upon them by the precise office in question. (*Thurston v. Clark,* 107 Cal. 285, 40 Pac. 435.)

BUDGE, J.—The respondent, Blair E. Hoar, was, on January, 23, 1913, the duly elected, qualified and acting county treasurer of Clearwater county. On the 23d day of that

month the board of county commissioners made and caused to be entered in its minutes the following order:

"It is ordered by the board that Blair E. Hoar be allowed the sum of $75 monthly, as special compensation for the work of bringing the land indexes of the county up to present ownership of property; said compensation to cease when Blair E. Hoar becomes tax collector of Clearwater county."

On April 23, 1913, respondent presented his claim for special compensation for labor performed bringing land indexes up to present ownership, three months at $75, as per order of the board of county commissioners of date January 23, 1913, $225. This claim was allowed by the board of county commissioners on the same date it was presented and warrants were issued therefor, which warrants were paid in due course.

Thereafter, on April 25, 1913, the board of county commissioners made and entered the following resolution:

"Whereas: That in view of the fact that the county treasurer has not yet taken up the duties of tax collector and that the matter as to the date on which these duties are to be assumed has been taken into court, therefore be it

"Resolved by the board that the order of Jan. 23, 1913, granting special compensation to Blair E. Hoar for bringing the land indexes of the county up to present ownership be at this time rescinded and compensation be discontinued until a future date."

An information was filed by the complainant on March 5, 1914, under the provisions of sec. 7459, Rev. Codes, setting forth in detail the transactions above recited with reference to the special compensation of $75 per month allowed and paid to the respondent. The information prays for the removal of the respondent from office and judgment for $500 and costs, and citation issued thereon. A demurrer was filed to the information and, by the court, overruled.

On March 23, 1914, an answer was filed by the defendant denying the intentional, wilful or corrupt acceptance of moneys or fees, and denying that defendant did not render service for the special compensation received, but admitting all other material allegations of the information. As a sep-

arate defense, defendant alleged that he rendered certain services to the county, which were not connected with his office as treasurer, in bringing the land indexes of Clearwater county to date of present ownership of property, and that thereafter, acting upon the advice of council and in entire good faith, presented his bill and received the sum of $225 therefor, and that such sum was reasonable and just compensation; that the record of the entire transaction was open to the inspection of the public, and that the prosecuting attorney advised the board that the contract was not unlawful.

Fourteen witnesses were examined at the hearing and fifteen documentary exhibits were introduced. Upon the evidence adduced the court found that the services rendered by defendant were not connected with the duties of any officer of Clearwater county; that the work performed by defendant was reasonably worth the amount paid therefor, or more; that the contract in question was valid and was made in good faith and under the advice of the county attorney after consultation with the attorney general, and that all of the proceedings with reference thereto were open to the inspection of the public; that all allegations of the information that said contract was illegal or void or contrary to public policy, or that defendant wilfully or corruptly charged or accepted fees or money for such services, were wholly and entirely unsupported by the evidence and untrue, and that the denials and allegations of the answer were true. From these findings of fact the court concluded:

"(1) That the said contract was a valid and lawful contract, and not contrary to law or public policy, and that the said Blair E. Hoar is entitled to retain the moneys paid him for said services.

"(2) That the said Blair E. Hoar should not be removed from office by reason of any matter or thing proved herein, and that the complainant is not entitled to recover of and from the said Blair E. Hoar the sum of five hundred dollars herein, or any other sum.

"(3) That this action should be dismissed, and that all the relief prayed for in the complainant's information herein should be denied.

"(4) That the defendant, Blair E. Hoar, is entitled to recover his costs and disbursements herein from the complainant."

Judgment of the district court was accordingly entered on May 21, 1914, and thereafter on July 21, 1914, notice of this appeal was filed and served together with the proper undertaking. This is an appeal from the judgment.

At the March Lewiston term of this court, on the first day thereof, being March 29, 1915, notice of motion and motion to dismiss appellant's appeal were interposed, argued and submitted, and by the court granted. Thereafter a petition for rehearing of this cause was duly filed by the appellant and allowed.

After further consideration, the motion to dismiss this appeal will be denied upon the authority of *Daugherty v. Nagel,* 27 Ida. 511, 149 Pac. 729.

In our opinion this action quite properly might have been disposed of upon the demurrer to the appellant's information, which we think raised all of the questions involved in this action.

This proceeding is brought under sec. 7459, Rev. Codes, which is as follows:

"When an information in writing, verified by the oath of any person, is presented to a district court, alleging that any officer within the jurisdiction of the court has been guilty of charging and collecting illegal fees for services rendered or to be rendered in his office, or has refused or neglected to perform the official duties pertaining to his office, the court must cite the party charged to appear before the court at a time not more than ten nor less than five days from the time the information was presented, and on that day or some other subsequent day, not more than twenty days from that on which the information was presented, must proceed to hear, in a summary manner, the information and evidence offered in support of the same, and the answer and evidence offered

by the party informed against; and if on such hearing it appears that the charge is sustained, the court must enter a decree that the party informed against be deprived of his office, and must enter a judgment for five hundred dollars in favor of the informer, and such costs as are allowed in civil cases.''

There are two grounds provided in said section for the removal of a public officer: First, where an officer has been guilty of charging and collecting illegal fees for services rendered or to be rendered in his office; and, second, has refused or neglected to perform official duties pertaining to his office. The former ground is relied upon by the appellant in order to bring about the removal of the respondent from office, and to secure a judgment in the sum of $500 for the benefit of the appellant. The first question presented for our consideration, therefore, is; Does the information charge the respondent with the offense of charging and collecting illegal fees for services rendered in his office as contemplated by sec. 7459, Rev. Codes, *supra?*

That section is a highly penal statute, and, therefore, subject to a strict construction. Unless it has been clearly violated the respondent is not subject to removal from office, or liable to the $500 penalty for the benefit of the informer.

The validity of the contract, heretofore referred to, entered into between the respondent and the board of county commissioners of Clearwater county, is not conclusive of this question. Neither is it necessarily material whether the labor performed was in excess of the contract price or of less value to the county than the amount agreed to be paid or that was paid therefor. But, as before stated, the only question for our determination is whether the respondent is guilty of charging and collecting illegal fees for services rendered in his office; not by reason of entering into the contract, but by receiving money thereunder.

The contract entered into between the commissioners and respondent substantially provides that the respondent shall be allowed $75 per month for work to be performed in bringing the land indexes of Clearwater county up to present own-

ership of property, for which services the respondent was paid $225 out of the treasury of Clearwater county. At the time of the performance of these services the respondent was the duly qualified and acting county treasurer·of Clearwater county. And it must be conceded that it was no part of his official duties as such county treasurer, prescribed by law, to bring the land indexes of the county up to the present ownership of property, or to charge and collect fees therefor.

There is a vast distinction between the action of the respondent in entering into the contract herein referred to for the performance of special services not required of him by law, and receiving compensation therefor, and in the cases cited by counsel for appellant, where public officials have been guilty of charging and collecting illegal fees for services rendered in their official capacity; or where, while in the performance of their respective official duties, prescribed by law, they have charged and collected illegal fees from the county, The latter official acts are clearly within sec. 7459, Rev. Codes.

As was said in the case of *Collman v. Wanamaker*, 27 Ida. 342, 149 Pac. 292·: "The word 'fees,' as used in said act, means a charge for services. 'Fee,' as defined by Webster, is a reward for services performed or to be performed, especially for personal services. The term 'fees' is used to designate the sums prescribed by law as charges for services rendered by public officers. (3 Words & Phrases, p. 2713.)"

The respondent in this case charged no fees for services rendered in his official capacity as a public officer. The contract was not made with him as county treasurer, but in his private capacity.

Sec. 7459, Rev. Codes, was intended to punish public officials for charging and collecting illegal fees for services rendered in their official capacity while in the discharge of the duties of their office; or neglecting to perform official duties pertaining to their office. And no proceeding can be maintained by a private person against a public official under this statute for any other kind of misconduct in office. County officials for all other wilful or corrupt misconduct in office may be removed under the provisions of sec. 7445, Rev. Codes. Under

the former provision, a corrupt official may be prosecuted by a private person for the acts therein specified; while under the latter, the accusation must be by the prosecuting attorney or presented by the grand jury, for other wilful or corrupt misconduct in office. (*Corker v. Pence,* 12 Ida. 152, 85 Pac. 388.)

The rule of law to be applied in the case at bar is different than where it appears, as in the case of *Robinson v. Huffaker,* 23 Ida. 173, 129 Pac. 334, and other like cases, that county commissioners entered into a contract between themselves and the county (*Miller v. Smith,* 7 Ida. 204, 61 Pac. 824; *Rankin v. Jauman,* 4 Ida. 53, 394, 36 Pac. 502; *Ponting v. Isaman,* 7 Ida. 283, 62 Pac. 680) ; and as in the case of *Smith v. Ellis,* 7 Ida. 196, 61 Pac. 695, where it appeared that a constable in his official capacity was guilty of presenting a claim for illegal fees against the county for conveying certain prisoners to the county jail, when such prisoners were conveyed to the county jail by the sheriff and not by such constable, and such claim was allowed in favor of such constable who received a warrant therefor.

Where it affirmatively appears on the face of the information that the official did not charge or collect illegal fees for services rendered in his office, but that such compensation was paid him under a contract entered into for services rendered independent and outside of the duties of his office, sec. 7459, Rev. Codes, does not apply. (*Corker v. Pence, Ponting v. Isaman* and *Collman v. Wanamaker, supra.*)

A reasonable construction of sec. 7459, Rev. Codes, can bring us to but one conclusion, and that is, before a public official can be removed under this section and the penalty imposed, it must be alleged and proved by competent evidence that he was guilty of charging and collecting illegal fees for services rendered in his office while acting in his official capacity; that he charged and collected fees not authorized by law for services prescribed by law; or that he presented for allowance to the board of county commissioners for services rendered in his office and in his official capacity, a claim or claims for fees which were illegal and which illegal

fees were allowed to, and appropriated by, said officer for his own use and benefit; or that said officer has refused or neglected to perform the official duties pertaining to his office.

Where the information by which a public officer is sought to be removed from office charges with certainty the specific acts for which the removal is sought, and from such acts it clearly appears that no illegal fees were charged or collected, but that a contract was entered into for the payment of a fixed compensation for services to be rendered as therein provided, said information does not state facts sufficient to constitute a cause of removal under sec. 7459, Rev. Codes.

It certainly cannot be seriously contended, in this case, that the compensation received by the respondent by virtue of a contract entered into between the respondent and the board of county commissioners of Clearwater county is a charge or collection of an illegal fee for services rendered in his office, within the spirit or meaning of sec. 7459, *supra.*

Since the trial court, in its findings of fact and conclusions of law, reached the conclusion that the contract entered into between the respondent and the board of county commissioners of Clearwater county was a valid and lawful contract, and not contrary to law or to public policy, and that the respondent was entitled to retain the moneys paid thereunder, we have decided to dispose of that feature of this case.

Sec. 7, art. 18, of the constitution of Idaho, provides:

"All county officers, and deputies when allowed, shall receive, as full compensation for their services, fixed annual salaries, to be paid quarterly out of the county treasury, as other expenses are paid."

The above-quoted constitutional provision limits the compensation that shall be paid to county officials and their deputies for all services rendered to the county.

Sec. 1946, Rev. Codes, provides: "No county officer must, except for his own services, present any claim, account or demand for allowance against the county, or in any way advocate the relief asked on the claim or demand made by another. . . . . ''

The first impression one might receive from this last section is that no county officer must present any claim against the county except for his own services, or advocate the claim of another. However, upon further consideration, a more reasonable interpretation of that statute would be that no county officer may present to the county any claim for services rendered outside of his official duties; and, therefore, he would be precluded from presenting a claim for any extra work done under a contract, or for extra service rendered in the performance of his official duties. He is not obliged to perform any act or acts not prescribed by law, but if he chooses so to do, for such extra services he cannot claim additional compensation and thereby indirectly accomplish what the law prohibits him from doing directly, viz., to increase his emoluments during his term of office.

Where the salary or compensation of a county officer is definitely fixed by law, it is generally held that such sum is intended to include his entire official remuneration and to preclude extra charges for any services whatsoever; unless it is clear that the statute contemplated and intended additional compensation for certain extra services. (11 Cyc. 249.)

Sec. 255, Rev. Codes, provides: "Members of the legislature, state, county, city, district and precinct officers, must not be interested in any contract made by them in their official capacity, or by any body or board of which they are members."

Even though respondent in the case at bar did not enter into the contract in question in his official capacity, but as a private citizen, such contract is nevertheless void; and the compensation paid thereunder is recoverable to the county.

The acceptance by a public officer of private employment which conflicts with his public duties is sufficient to make such a contract void as against public policy. An official's duty is to give to the public service the full benefit of a disinterested judgment and the utmost fidelity. Any agreement or understanding by which his judgment or duty conflicts with his private interest is corrupting in its tendency. When an

individual accepts an office, it is with the implied under-
standing that his entire time and attention, if necessary,
shall be given to the duties of that office; and when he finds
it inconvenient to devote his time, attention and best efforts
to the duties of his office, there is one means available to him—
to resign.    There is no more pernicious influence than that
brought about by public officials entering into contracts be-
tween themselves by virtue of which contracts the emolu-
ments of their offices are increased and the time and attention
which the law demands that they shall give to the perform-
ance of the duties of their offices are given to the perform-
ance of the duties required of them under such contracts.
Justice, morality and public policy unite in condemning such
contracts, and no court will tolerate any suit for their en-
forcement.    The fact that the acceptance of such employ-
ment was without fraud and prejudice to the interest of the
taxpayers is immaterial.    Even in the absence of statutory
provisions, such a contract is void; as a public official cannot
make a contract to regulate his official conduct by considera-
tions of private benefit to himself.    (See 6 Ruling Case Law,
pp. 739, 740.)

It would matter not if, in the case at bar, the respondent
in fact performed this work on Sundays or evenings and
thus made his private interests subservient to his public
duties.    It is the relation that the law condemns and not the
results.    It might be that in this particular case public duty
triumphed in the struggle with private interest, but such
might not be the case again or with another officer; and the
policy of the law is not to increase temptations or multiply
opportunities for malfeasance in office.

We are of the opinion that the constitutional and statutory
provisions above quoted bear us out in holding that the con-
tract entered into between the respondent and the board of
county commissioners of Clearwater county was void *ab initio,*
and of no force and effect.

It therefore follows, from what has been said, that the
respondent was not guilty of charging and collecting illegal
fees for services rendered in his official capacity, and is not

subject to removal under sec. 7459, Rev. Codes, but that he entered into an unlawful and invalid contract; and that an appeal from the action of the board of county commissioners in letting said contract might have been successfully prosecuted, or an action maintained for the recovery of moneys illegally paid to the respondent thereunder. No member of the legislature, state, county, city, district or precinct officer can legally enter into any contract, or be interested in the same directly or indirectly, either in their official or individual capacity, with the state, county, city, district or precinct, or with any body or board of which they are members; and all such contracts are void, and any moneys paid thereunder may be recovered in a proper action.

However, as we have heretofore stated, this action was not brought for the purpose of recovering moneys unlawfully paid to a public officer, but for the purpose of securing his removal for charging and collecting illegal fees for services rendered in his office, and for the recovery of $500 in favor of the informer. The judgment of the trial court is, therefore, affirmed, and costs awarded to respondent.

Sullivan, C. J., and Morgan, J., concur.