STATE EX REL. WILSON ET AL. *v.* NICK P. BUSH, SHERIFF.

## (*Knoxville,* September Term, 1918.)

1. **APPEAL AND ERROR.** Moot question. Bill to remove sheriff. Expiration of term. Costs. Statutes.

Under the Ouster Act, appeal from decree dismissing bill to remove sheriff will be dismissed, where sheriff's term expires pending appeal, particularly in view of Acts 1917, ch. 107, giving presiding judge discretion over costs. (*Post, pp.* 231-236.)

Acts cited and construed: Acts 1915, ch. 11; Acts 1917, ch. 107.

Cases cited and approved: State ex rel. Howse, 132 Tenn., 452; State ex rel. Crump, 134 Tenn., 121; State and County of Tenn. v. Lewis, 78 Tenn., 168; Daughtery v. Nagel, 27 Idaho, 511; Albright v. Territory, 13 N. M., 64; People ex rel. Swann v. Loomis, 8 Wend. (N. Y.), 396; Hammer v. State ex rel. Richards, 44 N. J. Law, 667; Hunter v. Chandler, 45 Mo., 452; Commonwealth ex rel. v. Smith, 45 Pa., 59; People v. Hartwell, 12 Mich., 508.

Cases cited and distinguished: Tennessee ex rel. Maloney v. Condon, 108 Tenn., 82; Richardson v. McChesney, 218 U. S., 487; Croker v. Sturgis, 175 N. Y., 158.

Code cited and construed: Sec. 5175 (T.-S.).

2. **OFFICERS.** Resignation. Acceptance.

An officer's resignation is not complete until accepted by competent authority. (*Post, p.* 236.)

3. **OFFICERS.** Resignation. Denial of right.

Right of officer to resign will be denied, especially where resignation is hastily made to thwart litigation. (*Post, p.* 236.)

Cases cited and approved: Badger v. United States, 93 U. S., 559; State v. Rose, 74 Kan., 262; State v. McDaniel, 22 Ohio St., 354.

4. **OFFICERS.** Removal. Ouster Act.

Proceedings against officer under the Ouster Act should never be brought unless there is a clear case of official dereliction, as such

State ex rel. v. Bush.

a drastic statute should be invoked only in plain cases, not for purposes of inquisition.  (*Post, pp.* 236, 237.)

Cases cited and approved: State ex rel. v. Howard, 139 Tenn., 73; Tabor v. ·Hipp et al., 136 Ga., 123; Norwood v. Clem, 143 Ala., 556.

Code cited and construed: Sec. 5175 (T.-S.).

## FROM HAMILTON.

Appeal from the Chancery Court of Hamilton County —Hon. W. B. Garvin, Chancellor.

W. B. Miller, W. G. M. Thomas and F. M. Thompson, for appellants.

G. W. Chamlee, Murray & Chamlee and T. P. Shepherd, for appellee.

Mr. Justice Green delivered the opinion of the Court.

The bill in this case was filed on the relation of certain citizens of Chatanooga under chapter 11 of the Acts of 1915, known as the "Ouster Act," to remove defendant Bush from the office of sheriff of Hamilton county.  He was charged with collecting illegal fees, and other misconduct.  Much proof was heard, and the Chancellor dismissed the bill.  The relators have appealed to this court.

The bill herein was filed March 6, 1918.  Final decree was rendered by the Chancellor July 13, 1918.  The record was filed in this court August 22, 1918.  On September 1st, the term of Bush expired.  The cause

was set for hearing at the September term of this court, and has been recently argued.

A preliminary motion is made to dismiss this appeal on the ground that, since defendant's term of office has expired, there is no real controversy before the court—only a moot case. It is insisted on behalf of relators that the matter of costs is to be disposed of, and that for this reason the court should pass on the merits of the case.

We think the motion to dismiss the appeal is well taken and should be granted, and that the court cannot retain jurisdiction of an ouster suit where the defendant's term of office has expired, where nothing can be done upon decree here except to tax costs.

Chapter 11 of the Acts of 1915 provides a civil remedy for the removal of unworthy officials. That is its sole purpose. A judgment against a defendant in such proceeding carries no fine or penalty and imposes no disqualification to hold office, nor does it otherwise burden the removed official. *State ex rel. Howse,* 132 Tenn., 452, 178 S. W., 1110; *State ex rel. Crump,* 134 Tenn., 121, 183 S. W., 505, L. R. A., 1916D. 951.

So, when a defendant's term of office has expired pending appeal to this court, and no salary is involved, any decree that we could make would be altogether useless and ineffectual except to adjudge costs.

Under such circumstances, courts of last resort ordinarily decline to proceed, and appeals in such plight are usually dismissed.

This seems to be the invariable rule of the Supreme Court of the United States.

In *Tennessee ex rel. Maloney* v. *Condon,* going up from this court (108 Tenn., 82, 65 S. W., 871), there was a contest over the offices of road commissioners of Knox county, under Thompson's Shannon's Code, section 5175 et seq. The terms of all the officers expired pending the writ of error, and that writ was dismissed. The supreme court said:

"There are cases in *quo warranto* in which judgment of ouster has been entered, although the term of the person lawfully entitled had expired, and also where informations have been retained when the statute provided for fine or damages; but here the proceeding cannot now be maintained as on behalf of the public; and considered, as counsel insists it should be, as merely a contest between two sets of officials and not between the state and its officials, the State courts would be at liberty to treat it as abated, and the mere matter of costs cannot be availed of to sustain jurisdiction." *Tennessee ex rel. Maloney* v. *Condon,* 189 U. S., 64, 23, Sup. Ct., 579, 47 L. Ed., 709.

In *Richardson* v. *McChesney,* the same court held that the expiration of the term of office of a State official abated a suit to require certain personal acts on his part. The court said of defendant:

"He can only be rightly made to bear the costs of this proceeding if the complainant should succeed, and he only could be compelled to obey the decree of the court. As his official authority has terminated, the case, so far as it seeks to accomplish the object of the bill, is at an end; there being no statute providing for the substitution of McChesney's successor in a suit of

this character." *Richardson* v. *McChesney,* 218 U. S., 487, 31 Sup. Ct., 43, 54 L. Ed., 1121.

The court in *Richardson* v. *McChesney,* supra, refers to many of its other decisions to the same effect.

In *Croker* v. *Sturgis,* the chief of the New York fire department had been illegally removed from duty by an order amounting to an indefinite suspension. This order was resisted, and the matter taken into the courts. When the case reached the court of appeals, the chief had been removed upon charges regularly preferred under the charter of the city, and his salary paid up until the time of his removal. The court said:

"Hence there is no right . . . capable of enforcement (here), except the costs heretofore awarded, and we have uniformly held that relief from a judgment for costs merely is not adequate ground upon which to reverse a judgment, if the questions arising upon the merits have become obsolete by lapse of time." *Croker* v. *Sturgis,* 175 N. Y., 158, 67 N. E., 307.

Ruling Case Law lays down the rule as follows:

"While pending the appeal the circumstances are changed to such an extent that the appeal involves merely a moot question, it will as a general rule be dismissed." 2 R. C. L., 169.

In Corpus Juris, we find the following: "On the same principle, the general rule is well settled that, if pending an appeal an event occurs which renders it impossible for an appellate court to grant any relief or renders a decision unnecessary, the appeal will be dismissed." 3 C. J., 360.

"So, mere lapse of time may create this condition, as where, pending an appeal from a judgment, order, or de-

cree of the court in a case involving the infringement of a patent, the acts or tenure of a public or election officer, or other matter, the patent expires, the official term comes to an end, the election is held or the time for holding the same has passed, or the judgment, order, or decree of court is executed, and in other like cases.'' 3 C. J., 364.

Many authorities are collected in the notes under the sections of Corpus Juris above quoted, which abundantly sustain the text.

It will be seen from these authorities that an appeal will not be entertained merely to dispose of a matter of costs, even in cases where the successful party is absolutely entitled to costs.

In Tennessee, there is much less reason for retaining jurisdiction in such a case; for, under our statute at this time, no party is entitled to costs as a matter of right in any civil action.

By chapter 107 of the Acts of 1917, it is provided that in all civil cases the presiding judge is authorized to apportion the costs as in his discretion the equities require or demand.

This statute makes the rule formerly prevailing in courts of equity as to costs applicable to all civil suits in courts of law as well as equity.

This court long since held that an appeal did not lie in an equity case to review the discretion of the Chancellor on the question of costs unless there was a clear case of abuse. *State and County of Tennessee* v. *Lewis*, 10 Lea (78 Tenn.), 168.

The reasoning of the above case would apply since the act of 1917 to appeals, appeals in error, and writs of

error from all the inferior courts; since the taxation of costs is discretionary now with the lower courts in all cases, we could not review their action nor entertain an appeal for that purpose alone except under very extraordinary circumstances.

The relators cite many authorities upon their brief to the effect that the expiration of the official term does not abate proceedings against an officer, and that an appellate court will retain jurisdiction and determine such cases although the term has expired. The cases relied on are *Daugherty* v. *Nagel,* 27 Idaho, 511, 149 Pac., 729; *Albright* v. *Territory,* 13 N. M., 64, 79 Pac., 719, 11 Ann. Cas., 1165; *People ex rel. Swann* v. *Loomis,* 8 Wend. (N. Y.), 396, 24 Am. Dec., 33; *Hammer* v. *State ex rel. Richards,* 44 N. J. Law, 667; *Hunter* v. *Chandler,* 45 Mo., 452; *Commonwealth ex rel.* v. *Smith,* 45 Pa., 59; *People* v. *Hartwell,* 12 Mich., 508, 86 Am. Dec., 70.

We have examined these cases and many others. All of them were *quo warranto* proceedings based on the statute of 9 Anne, Cas. 20, section 5, or on like statutes of the different States. In all these cases, the plaintiffs or relators were absolutely entitled to recover costs if successful, and in all of them the usurping officials whose terms had expired were subject not only to removal, but to fine, and, under some of the statutes, to a judgment for damages in favor of the contesting relator.

As said by the supreme court of Michigan in *People* v. *Hartwell,* supra, relied on by the relators here, responding to a motion to dismiss the appeal: "If the only object of the proceedings was to oust the incumbent, there would be great propriety in granting the motion."

Since our Ouster Law, as heretofore pointed out, carries no fine or penalty, and the relators have no absolute right to costs, the cases cited by the relators are not at all in point.

It is insisted, however, that, should the court hold as heretofore indicated, it would be possible for any unworthy official to resign pending ouster proceedings and thus defeat the judgment of removal.

This argument is ill founded. It assumes that such officer's resignation will be accepted by the authority authorized to select his successor. We cannot suppose that a resignation would be accepted under such circumstances. It is well settled that a resignation is not complete until accepted by competent authority, and that "the right to resign will be denied, especially where a resignation is hastily made for the purpose of thwarting litigation." 22 R. C. L., 557; *Badger* v. *United States*, 93 U. S., 559, 23 L. Ed., 991; *State v. Rose*, 74 Kan., 262, 86 Pac., 296, 6 L. R. A. (N. S.), 843, 10 Ann. Cas., 927; *State* v. *McDaniel*, 22 Ohio St., 354.

It is also argued that the conclusion we have reached, if announced as the law, will put it in the power of unworthy officers to delay proceedings against them until their terms have expired, and thereby escape the consequence of suits under the Ouster Law.

We think no such danger is likely to arise. By the provisions of chapter 11 of the Acts of 1915, the courts are required to expedite and give preference to cases arising thereunder; and, under such provisions, it is impossible to so delay the trial of such a case seasonably brought.

Proceedings under the Ouster Act should never be brought unless there is a clear case of official dereliction.

This is a very drastic statute and should not be invoked except in plain cases that can be certainly proved. There is no excuse for instituting an ouster suit for purposes of inquisition and as a fishing expedition, and it is only cases brought under such auspices that the relators will be at much difficulty in developing.

For the reasons heretofore indicated, we are of opinion that the motion to dismiss this appeal must be granted. Since the matter of costs in the lower courts is discretionary, we feel that we cannot entertain an appeal merely to review the question of the taxation of costs, unless the lower court has greatly abused its discretion, or unless some important principle of law is involved. The case before us does not present either of these considerations. The matters submitted to the Chancellor below were debatable, and this court has construed the Ouster Law in several opinions, and no further expression on the subject is at present required from us.

*State ex rel.* v. *Howard,* 139 Tenn., 73, 201 S. W., 139, in which the court passed, on the merits, after the official term expired, arose under section 5175 of Thompson's Shannon's Code, prior to the act of 1917. The relator was entitled to costs as a matter of right, and there was also an important legal principle to be settled.

Our action herein is well supported by a line of mandamus cases involving costs only in the appellate courts. *Tabor* v. *Hipp et al.,* 136 Ga., 123, 70 S. E., 886, Ann. Cas., 1912C, 246; *Norwood* v. *Clem,* 143 Ala., 556, 39 So. 214, 5 Ann. Cas., 625. See authorities collected in notes under these cases in 24 Ann. Cas., 246, and 5 Ann. Cas., 625.

Let the appeal be dismissed.