Woolfolk *et al. v.* Woolfolk.

(*Nashville.* December Term, 1933).

Opinion filed March 31, 1934.

CHARLES M. BRYAN, EARLY MITCHELL, and C. C. CRABTREE, all of Memphis, for appellants.

A. B. SHAFER, of Marion, Ark., and HARVEY E. TAYLOR, and ARMSTEAD CLAY, both of Memphis, for appellant.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

From an order of the chancellor overruling his motion to retax costs, the clerk and master at Memphis has appealed.

The complainant was the successful party in the suit, and obtained, along with other relief a decree against the defendant for costs. Execution was issued against the defendant and returned *nulla bona*.

The clerk and master moved for a judgment against the complainant and the surety on her prosecution bond for all costs in the cause accrued at the instance of complainant. This motion was based on section 9098 of the Code as follows:

"All costs in civil actions accrued at the instance of the successful party, which cannot be collected out of the other party, may be recovered, on motion, by the person entitled to them, against the successful party."

The chancellor allowed the motion as against the complainant, but denied it as against her surety. In so ruling, the chancellor was fully sustained by decisions of this court in *Deaton* v. *Mulvaney,* 69 Tenn. (1 Lea), 73, and *Carren* v. *Breed,* 42 Tenn. (2 Cold.), 465.

The cost bond executed by the complainant and her surety was conditioned "to be void if the said Claudine Woolfolk . . . shall pay all costs as may be awarded against her by the court in its decrees and orders in said cause." The statute, Code, section 9075,

provides that security be given "for the successful prosecution of his action, and, in case of failure, for the payment of all costs and damages which may be awarded against him, unless in cases and instances specially excepted." The variance between the terms of the cost bond and the terms of the statute, however, is not material, for Code, section 9090, provides that: "No omission or neglect to insert the proper conditions in any such bonds shall vitiate or impair the validity of the same."

The terms of this bond were therefore met when the court decreed in favor of the complainant and awarded no costs against complainant. This decree discharged the surety from the obligation of the bond.

■ Code, section 9098, above quoted enacts that costs accrued at the instance of the successful party, which cannot be collected out of the other party, may be recovered, on motion, against the successful party. This motion lies only against the successful party, not against the surety of the successful party.

In *Deaton* v. *Mulvaney, supra,* after referring to chapter 120 of the Acts of 1859-60, Code, sections 9088, 9089, proceeded:

"The terms of this act are broad, but, to understand its meaning, we must refer to the previous decisions; that is to say, it had been held that a surety was not liable for costs adjudged against his principal in the progress of the cause, as costs upon setting aside a nonsuit, and costs imposed as terms of a continuance, and where the costs were adjudged upon removal to a higher court. To cases of this character the act applies; and whenever, in the progress of the particular cause, costs are adjudged against the principal, the judgment shall be also against the surety. But this was not intended to

amend section 3204 (section 9098, Code of 1932), which contemplates a new proceeding, and makes the surety liable in such a case. A party is not required to give security for his own costs. The security is intended to indemnify the opposing party against his costs and expenses; and so it was held in *Locke* v. *McFalls*, 3 Sneed, 674, that the security has no right to satisfy the judgment against himself, which in that case was limited to the penalty of his bond, and less than the whole costs, by paying the amount in costs of his principal, leaving the costs of the opposing party unpaid. There is no statute requiring a party to give security for his own costs, nor is there any statute authorizing judgment against the surety.''

It is urged in behalf of the clerk and master that *Deaton* v. *Mulvaney, supra,* and *Carren* v. *Breed, supra,* were law cases, and that the rule announced therein was only applicable to law cases, and is not, since chapter 107 of the Public Acts of 1917, to be applied to an equity case, if indeed it is to be applied to any case.

By the Act of 1917 the presiding judge, in all civil cases, was authorized to apportion the costs as in his discretion the equities of the case demanded. This statute made the rule formerly prevailing in courts of equity as to costs ''applicable to all civil suits in courts of law as well as equity.'' *State ex rel. Wilson* v. *Bush,* 141 Tenn., 229, 208 S. W., 607, 609.

This statute is given effect in Code, section 9091. The provision of the present Code is that the successful party is entitled to full costs, ''unless otherwise directed by law, or by a court of record.'' The provision of section 3197, Code of 1858, was that the successful party is entitled to full costs, ''unless otherwise directed by law.''

We do not see that the Act of 1917 can have any further effect than that ascribed to it in *State ex rel. Wilson* v. *Bush, supra.* The prosecution surety engages to pay the costs adjudged against the plaintiff in equity and the plaintiff in law. There his obligation ends. The surety does not engage to pay the plaintiff's costs, adjudged against the defendant, which those entitled to such costs cannot make out of the defendant. Code, section 9098, is directed at the plaintiff alone, and, as noted in *Deaton* v. *Mulvaney, supra,* contemplates a new proceeding, to which the surety cannot be required to respond.

The decree of the chancellor must be affirmed.