STATE *ex rel.* LAVENDER *et al. v.* BINGHAM.

(*Knoxville*, September Term, 1936.)

Opinion filed November 21, 1936.

J. W. STONE, of Harriman, and MAE R. STRICKLIN, of Wartburg, for plaintiffs in error.

Davis & Davis, of Wartburg, for defendant in error.

Mr. Justice De Haven delivered the opinion of the Court.

The bill in this case was filed on the relation of certain citizens and taxpayers of Morgan county, to oust the defendant, Ben F. Bingham, from the office of justice of the peace. The trial judge dismissed the bill, and the relators appealed to this court and assigned errors.

It appears that defendant was elected to the office of justice of the peace of Morgan county at the August election, 1930, for the term of six years.

Pending the appeal, defendant's term of office expired. Based on this fact, defendant has filed a written motion to dismiss the appeal.

It was held by this court in *State ex rel.* v. *Bush*, 141 Tenn., 229, 208 S. W., 607, that when no salary is involved, the court cannot retain jurisdiction of an ouster suit where the defendant's term of office has expired, where nothing can be done upon decree except to tax costs.

The relators resist the motion to dismiss on the ground that ouster was sought because of defendant's alleged violation of section 1874 of the Code (which prohibits public officers from becoming interested in public contracts), which violation, under sections 1875 and 1876 of the Code, carries the penalties of forfeiture of all payments and compensation, dismissal from office and ineligibility for the same or a similar position for ten years. The relators insist that they have the legal right to prosecute this appeal, notwithstanding defendant's term of

554

office has expired, in order that he be decreed ineligible for office for ten years.

The ouster statute imposes no disqualification to hold office, nor otherwise burden the removed official. *State ex rel.* v. *Bush, supra.* Relators are seeking to import into the ouster statute penalties imposed under another and different law. While a violation of the provisions of section 1874, if "knowingly or willfully" done, would constitute a ground for ouster under section 1877 of the Code (*State ex rel. Brumit* v. *Grindstaff*, 169 Tenn., 383, 88 S. W. (2d), 142), the decree pronounced could be for nothing more than removal from office as authorized by section 1890 of the Code.

Our conclusion is that the motion to dismiss must be sustained and the appeal dismissed.