(December 20, 1906.)

## KOOTENAI COUNTY, Appellant, v. LOUIS T. DITTE-MORE, Respondent.

[88 Pac. 232.]

COUNTY AS PLAINTIFF—RIGHT OF APPEAL—COUNTY COMMISSIONERS—COLLATERALLY ATTACKED.

1. The provisions of section 1776, of the Revised Statutes, as amended by act of February 14, 1899 (Sess. Laws, p. 248), provide only for appeals taken by persons aggrieved or by taxpayers, and do not include the county itself in taking an appeal from an action or order of its own board of commissioners.

2. An order made by the board of commissioners allowing one of its own members compensation to which he is not entitled by law is void for want of jurisdiction, and may be collaterally attacked.

(Syllabus by the court.)

APPEAL from the District Court of the First Judicial District for Kootenai County.   Hon. Ralph T. Morgan, Judge.

Action to recover illegal compensation allowed by the board of county commissioners to one of its own members.   Demurrer to complaint sustained and judgment of dismissal entered. *Judgment reversed.*

Ezra R. Whitla, for Appellant.

In *McNutt v. Lemhi County* (Idaho), 84 Pac. 1054, this court laid down the very positive rule that "section 1776, Revised Statutes, as amended by act of February 14, 1899 (Laws 1899, p. 248), provided the right of appeal only for persons and taxpayers, and does not contemplate the county itself as a municipal corporation taking an appeal from an action or orders of its own board of commissioners."

In a case such as the one at bar, appeal is not the only remedy, but a direct action may be maintained by the county to recover back the money wrongfully paid. (*Fremont County v. Brandon,* 6 Idaho, 482, 56 Pac. 264; *Dunbar v. Board,* 5 Idaho, 407, 49 Pac. 409; *Ada County v. Gess,* 4 Idaho, 611, 43 Pac. 71.)

The orders of the board of county commissioners ordering warrants drawn to themselves in excess of the amount allowed by law were void, and made without jurisdiction, and therefore can be attacked collaterally and at any time. (*Dunbar v. Board,* 5 Idaho, 407, 49 Pac. 409; *Fremont County v. Brandon,* 6 Idaho, 482, 56 Pac. 264.)

Edwin McBee, for Respondent.

The first ground raised by the demurrer is that the court has no jurisdiction of the subject matter of the action, and

that appeal is the exclusive remedy. This contention is borne out by numerous decisions of the supreme court of this state. (*Morgan v. Kootenai Co.,* 4 Idaho, 418, 39 Pac. 1118; *Picotte v. Watt,* 3 Idaho, 447, 31 Pac. 805; *Rogers v. Hayes,* 3 Idaho, 597, 32 Pac. 259; *Johnson v. Savidge,* 11 Idaho, 204, 81 Pac. 616; *School Dist. v. Rice,* 11 Idaho, 99, 81 Pac. 155; *Ada Co. v. Bullen Bridge Co.,* 5 Idaho, 188, 95 Am. St. Rep. 180, 47 Pac. 818.)

It may be contended that the case of *Morgan v. Kootenai Co.* and other earlier cases holding the same doctrine have been reversed by the case of *Dunbar v. Board of County Commissioners,* 5 Idaho, 407, 49 Pac. 409, and *McNutt v. Lemhi Co., ante,* p. 63, 84 Pac. 1054, but the case of *School Dist. v. Rice, supra,* is a recent case, and cites former cases holding to this doctrine with approval.

Boards of supervisors are a *quasi* judicial body so far as concerns the examination and settlement of accounts and claims against a county; and the allowance and settlement by such boards are an adjudication of the claims, and conclusive. (*El Dorado Co. v. Elstiner,* 18 Cal. 144; *Colusa Co. v. De Jarnett,* 55 Cal. 373; *Placer Co. v. Campbell* (Cal.), 11 Pac. 602; *McFarland v. McGowan,* 98 Cal. 329, 33 Pac. 113.)

SULLIVAN, J.—This action was brought by Kootenai county against the defendant Dittemore, to recover money alleged to have been unlawfully received by him for *per diem* and expenses as county commissioner for the term beginning January 9, 1899, and ending January 14, 1901. The defendant interposed a demurrer to the complaint on four grounds as follows: 1. That the court had no jurisdiction of the subject matter of the action; 2. That the complaint does not state facts sufficient to constitute a cause of action; 3. That there was another action pending between the same parties for the same cause; and 4. That the complaint is ambiguous, unintelligible and uncertain in that it does not allege any fact

or facts showing that the said defendant received any sum or sums of money in excess of his legal *per diem* and expenses incurred by him as county commissioner in and for Kootenai county.    Said demurrer was sustained by the court and judgment of dismissal entered.    This appeal is from that judgment of dismissal.

While the record does not show upon what grounds the demurrer was sustained, we think it is conceded that it was sustained upon the ground that the court had no jurisdiction, as it is contended that the only remedy was by appeal from the order of the board of county commissioners allowing the claim of said defendant.    Section 1776, Revised Statutes, as amended by act of February 14, 1899 (Sess. Laws, p. 248), provides that an appeal may be taken from any act, order or proceeding of the board of county commissioners by any person aggrieved thereby or by any taxpayer of the county, when any demand is allowed against the county, or when he deems any such act, order or proceeding illegal or prejudicial to the public interest.

Counsel for appellant rely upon *McNutt v. Lemhi County ante*, p. 63, 84 Pac. 1054.    That case involved the payment of county warrants for the construction of a road, which warrants were in excess of any indebtedness that the commissioners could legally incur under the statute.    This court held in that case that the provisions of section 1776 provide the right to appeal only for persons and taxpayers, and do not contemplate the county itself as a municipal corporation taking an appeal from the actions or orders of its own board of commissioners.    This court held in *Fremont County v. Brandon*, 6 Idaho, 482, 50 Pac. 264, that an order allowing a county officer compensation to which he was not entitled by law, made by a board of county commissioners, was void for want of jurisdiction, and might be attacked collaterally.    As bearing upon the question under consideration, see *Dunbar v. Board*, 5 Idaho, 407, 49 Pac. 409; *Ada County v. Gess*, 4 Idaho, 611, 43 Pac. 71.    Upon the authority of those cases, the judgment

of the lower court must be reversed and the cause remanded, with instructions to overrule the demurrer and to permit the defendant to answer.    Costs are awarded to the appellant.

Ailshie, J., concurs.

STOCKSLAGER, C. J., Dissenting.—I cannot concur in the conclusion reached by my associates in this case.    On the former decisions of the court cited and discussed in the dissenting opinion in *McNutt v. Lemhi County, ante,* p. 63; 84 Pac. 1054, I think the judgment of the lower court should be affirmed.    I am still unable to draw that fine distinction between "persons and taxpayers and the county itself" enunciated in this case as well as the McNutt case.    The county commissioners are the guardians of the county, and their acts are entitled to full faith and credit until the contrary is shown.    The county attorney or any citizen may appeal from any and all orders made and entered by the board.    The county attorney is the legal adviser of the commissioners, and is presumed to look after the interests of the county at all times, and if he finds any illegal orders made by the board, it is his duty to appeal, which he may do as a citizen, person, or taxpayer.