(July 20, 1922.)

H. M. SANBORN, Appellant, v. W. J. PENTLAND, Respondent.

[208 Pac. 401.]

HIGHWAY DISTRICTS—CONTRACTS WITH COMMISSIONER FORBIDDEN AND VOID—RECOVERY OF MONEY PAID UPON VOID CLAIM.

1.  A taxpayer in a highway district may maintain an action on behalf of the district to recover money paid to a commissioner thereof upon a claim which is illegal and void, in case of refusal of the board of commissioners, after demand, to institute such action.

Publisher's Note.

1.  Right of taxpayer to maintain action to recover illegal payment of money from public treasury, see note in 19 Ann. Cas. 776.

2. A contract by a highway commissioner with his district, in violation of C. S., sec. 1515, is absolutely void.

3. The words "awarded or to be awarded" in the statute prohibiting any commissioner of a highway district from being interested directly or indirectly in any contract awarded or to be awarded by the board were not intended to restrict the operation of the statute to contracts awarded in advance of performance. The statute is intended to apply to implied contracts, and renders void the payment to a commissioner of the reasonable value of the use of his automobile in the business of the district.

APPEAL from the District Court of the Eighth Judicial District, for Bonner County. Hon. W. F. McNaughton, Judge.

Action to recover money illegally paid to commissioner of highway district. Judgment for defendant. *Reversed.*

G. H. Martin, for Appellant.

The contracts upon which the defendant received the money from the district were illegal and void as being against the statutes and public policy of this state. (C. S., secs. 386, 1515.)

"Contract," as the term is used in these statutes, embraces express as well as implied contracts. It is a comprehensive term embracing every kind of contract. (R. C. L. 586, 587.)

Contracts prohibited by statute are, as a general rule, void notwithstanding the statute does not expressly declare them to be so, especially where a penalty is attached for their violation. (2 Elliott, Cont., p. 7, sec. 648.)

Our legislature and courts have declared the public policy of this state with respect to a contract between a member of a board and the board itself in unmistakable terms, with respect to counties (C. S., sec. 3515) ; with respect to school districts (C. S., sec. 887) ; with respect to cities and towns (C. S., sec. 4066; *McRoberts v. Hoar.* 28 Ida. 163, 152 Pac. 1046; *Robinson v. Huffaker,* 23 Ida 173, 129 Pac. 334; *Nuckols v. Lyle,* 8 Ida. 589, 70 Pac. 401, *Independent School*

*Dist. v. Collins,* 15 Ida. 535, 128 Am. St. 76, 98 Pac. 857; *Rankin v. Jauman,* 4 Ida. 53, 36 Pac. 502; *Smith v. Ellis,* 7 Ida. 196, 61 Pac. 695; *Miller v. Smith,* 7 Ida. 204, 61 Pac. 824; *Ponting v. Isaman,* 7 Ida. 283, 62 Pac. 680; *Young v. Mankato,* 97 Minn. 4, 105 N. W. 969, 3 L. R. A., N. S., 849).

Alex Kasberg, for Respondent.

"The better reason and authority permit a recovery, in the absence of express prohibition of law, on the *quantum meruit,* where the services contracted for and actually per-formed were proper and necessary, and no unfairness was used, or undue advantage taken, in obtaining the contract." (*City of Concordia v. Hageman,* 1 Kan. App. 35, 41 Pac. 133; *Diver v. Keokuk Savings Bank,* 126 Iowa, 691, 102 N. W. 542; *Berka v. Woodward,* 125 Cal. 119, 73 Am. St. 31, 57 Pac. 777, 45 L. R. A. 420; *Smith v. Dandridge,* 98 Ark. 38, Ann. Cas. 1912D, 1130, 135 S. W. 800, 34 L. R. A., N. S., 129; *City of Ensley v. J. E. Hollingsworth & Co.,* 170 Ala. 396, Ann. Cas. 1912D, 652, 54 So. 95.)

No recovery can be had of money paid under an executed contract assailable only as against public policy. (*Kagy v. Independent District,* 117 Iowa, 694, 89 N. W. 972; *Weitz v. Independent District,* 87 Iowa, 81, 54 N. W. 70; *Macon v. Huff,* 60 Ga. 221; *Frick v. Brinkley,* 61 Ark. 397, 33 S. W. 527; *Niles v. Muzzy,* 33 Mich. 61, 20 Am. Rep. 670; *Currie v. School District No. 26,* 35 Minn. 163, 27 N. W. 922; *Pickett v. School Dist. No. 1,* 25 Wis. 551, 3 Am. Rep. 105; *Murray v. White,* 42 Mont. 423, Ann. Cas. 1912A, 1297, 113 Pac. 754.)

"Statutes imposing a penalty on a county officer for cer-tain defaults or delinquencies are not to be extended by implication." (15 C. J. 518, sec. 193; *Price v. Board of Commissioners,* 22 Colo. App. 315, 124 Pac. 353.)

"While statutes prohibiting county officers from being interested in contracts with the county are general in their nature, their prohibition generally comprehends only con-tracts for public works." (15 C. J. 517.)

"There is no liability to account further, where the money has been expended in good faith for legal purposes, but in an illegal manner." (15 C. J. 515; *Flowers v. Logan County,* 138 Ky. 59, 137 Am. St. 347, 127 S. W. 512; *Trainer v. Wolfe,* 140 Pa. St. 279, 21 Atl. 391.)

The payments made to respondent were submitted to the board and allowed as an expense account of the district. Such payments are not "contracts awarded or to be awarded," and do not fall within the prohibition of sec. 1515. Sec. 1514 specifically provides that the highway commissioners shall receive no salary, but "shall receive the amount of their actual and necessary expenses incurred in the performance of their official duties."

The items referred to come within the term "actual and necessary expenses." (15 C. J. 563, sec. 265; McQuillin, Municipal Corporations, sec. 522; Abbott, Municipal Corp., 1650; *Rome v. McWilliams,* 67 Ga. 106; *Neary v. Robinson,* 98 N. Y. 81.)

RICE, C. J.—The appellant, as resident and taxpayer of Highway District No. 1, Bonner county, instituted this action against respondent, a member of the board of commissioners of the district, for the recovery of certain sums alleged to have been illegally paid to him while a member of the board.

From the record it appears that on April 7, 1919, the board passed a resolution allowing respondent $10 per month for the use of his office and furniture and for services rendered by him as notary public in taking verifications of claims against the district; that thereafter, pursuant to said resolution, respondent presented his claims and was allowed $10 for each month from June to December, 1919, inclusive, amounting to $70, and also presented and was allowed certain claims, amounting in all to about $30, covering the use of his automobile on official business at various times during the period. Appellant demanded of the board that an action be brought to recover the amounts claimed, which demand was by the board refused. The court found

that the bills, and each of them, were presented to and paid by the board in good faith, and without any intention of making or permitting an overcharge against the district; that the amount was a reasonable sum to be paid for the use and costs of the items charged, and that the same was necessary in the business of the district. The court also as a matter of law concluded that the claims were legal charges against the district.

Judgment of dismissal was entered, from which, and from an order denying motion for a new trial, this appeal is taken.

C. S., secs. 1514 and 1515, are as follows:

"Sec. 1514. The highway commissioners shall receive no compensation for their services as commissioners, but shall receive the amount of their actual and necessary expenses incurred in the performance of their official duties. The board shall fix the compensation to be paid to the other officers named in this chapter, and of the agents and employees of the board, to be paid out of the treasury of the district.

"Sec. 1515. No highway commissioner or any other officer or employee of the district shall in any manner be interested, directly or indirectly, in any contract awarded or to be awarded by the board, or in the benefits to be derived therefrom, other than such interest as may arise from his ownership of property in such district, or contributions to highway construction or improvement; and for any violation of this provision such commissioner or officer shall be deemed guilty of a misdemeanor, and such conviction shall work a forfeiture of his office and he shall be punished by a fine not to exceed $500 or by imprisonment not to exceed six months, or by both such fine and imprisonment."

This action can be maintained by appellant in case the contracts or claims upon which the money was paid to respondent were void. (*Independent School Dist. v. Collins,* 15 Ida. 535, 128 Am. St. 76, 98 Pac. 857.) Section 1515, *supra,* was enacted for the protection of the taxpaying

public. The imposition of a penalty, in connection with the prohibition expressly contained therein, leaves no doubt that a contract in violation of the statute is absolutely void. (*Levinson v. Boas,* 150 Cal. 185, 11 Ann. Cas. 661, 88 Pac. 825, 12 L. R. A., N. S., 575, and note.)

The only question is as to whether these claims come within the prohibition of section 1515. The language of the statute is peculiar, in that it prohibits any commissioner from being interested directly or indirectly in any contract "awarded or to be awarded by the board." As to the contract for office rent and services as notary public, there can be no question. This was a contract awarded in advance and violates both the letter and spirit of the statute. (*Robinson v. Huffaker,* 23 Ida. 173, 129 Pac. 334.)

Some question arises in regard to the payment of the reasonable value of the use of respondent's automobile. It is clear that this payment was not made under section 1514, *supra,* for it is not an actual and necessary expense incurred by respondent for the performance of his official duties. It was allowed as "auto hire." We are of the opinion that the words "awarded or to be awarded" were not intended to restrict the operation of the statute to contracts awarded in advance of performance. We are confirmed in this opinion by reason of the fact that the statute does not require the board to let contracts in advance for the construction of its works, but, on the contrary, grants broad and liberal powers to the board for the construction, maintenance and repair of highways under its own supervision. An allowance for "auto hire" implies or presupposes an agreement to pay. A contract expressly prohibited by law cannot be implied. It comes within the spirit, at least, of the prohibition against awarding contracts to members of the board. (See *Tallman v. Lewis,* 124 Ark. 6, 186 S. W. 296.)

An argument is made on behalf of respondent to the effect that unless these claims can be held to be valid, great inconvenience will result to the highway district and greater expense will be incurred in conducting its affairs. Consid-

erations of inconvenience, however, have no place in the con-
struction of a statute, the intent of which is plain.   The
public policy of the state in this instance is determined by
the statute itself.   It is in line with similar statutory pro-
visions with reference to municipalities and other political
subdivisions of the state.   (See *McRoberts v. Hoar*, 28 Ida.
163, 152 Pac. 1046.)

The judgment is reversed and the cause remanded.   Costs
awarded to appellant.

Budge, McCarthy, Dunn and Lee, JJ., concur.