Points Decided.

---

(July 29, 1924.)

FRED CHOATE, Appellant, v. NORTH FORK HIGH-
WAY DISTRICT, THE BOARD OF HIGHWAY
COMMISSIONERS OF NORTH FORK HIGHWAY
DISTRICT, W. E. TARRY and M. LeBARON, as
Commissioners of NORTH FORK HIGHWAY DIS-
TRICT, T. F. EDWARDS, as the Secretary and Treas-
urer of NORTH FORK HIGHWAY DISTRICT,
T. F. EDWARDS, W. E. TARRY, E. E. McGUIRE,
and W. H. BERTRAND, Respondents.

[228 Pac. 885.]

Highway Districts—Commissioners—Meetings of Board—Adjourn-
ment—Quorum—Claims and Warrants—Injunction—Findings
—Conflicting Evidence—Claim for Railroad Transportation—
Actual and Necessary Expenses—Highway Director—Assign-
ments.

1. Assignment of error that "the judgment is against the law
and the evidence," *held* insufficient.

2. Where there is a substantial conflict in the evidence the
findings of the lower court will not be disturbed where there is
sufficient competent evidence, if uncontradicted, to sustain them.

3. Any member of a board or deliberative body, in the ab-
sence of a quorum to transact business, may adjourn a regular
meeting to a day certain.

4. A claim for gasoline and oil used by a commissioner in his
automobile while transacting business for the highway district
*held* properly allowed.

5. Where a commissioner journeyed to a foreign state on his
personal affairs and returned to the district for the special pur-
pose of attending a meeting of the board and presented a claim
for railroad fare from such foreign state which was allowed and
ordered paid by the board, *held,* that such claim, in so far as
it related to travel outside of the district, was not for actual
and necessary expenses incurred by such commissioner in the per-
formance of his official duties within the meaning of C. S., sec.
1514, was not a legal charge against the district and should not
have been allowed.

6. Claims presented by director of highways examined and
*held* properly allowed.

APPEAL from the District Court of the Second Judicial District, for Clearwater County. Hon. Edgar C. Steele, Judge.

Action for injunction.    Judgment for defendants.    *Modified.*

Benjamin F. Tweedy, for Appellant.

Bertrand's railroad transportation to and from Spokane to Orofino, Idaho, cannot be lawfully paid out of the public funds of the highway district; such transportation expenses were not "necessary expenses" within the meaning of the statutes.    (C. S., sec. 1514.)

Nor can the claim of Mr. Tarry be, in any event, a lawful claim against the highway district, because it falls under the condemnation of the statute.    (C. S., sec. 1515; *Sanborn v. Pentland,* 35 Ida. 639, 208 Pac. 401.)

Tannahill & Leeper, for Respondents.

A number less than a quorum of a deliberative body may adjourn to a future date.    (*Kimball v. Marshall,* 44 N. H. 465; *O'Niell v. Tyler,* 3 N. D. 47, 53 N. W. 434; *City of Mena v. Tomlinson Bros.,* 118 Ark. 166, 175 S. W. 1187; *City of Rolla v. Schuman,* 189 Mo. App. 252, 175 S. W. 241.)

This was a regular adjourned meeting at which any business could be transacted.    (*Gilbert v. Canyon County,* 14 Ida. 429, 94 Pac. 1027.)

The payment of the claim of Mr. Tarry in the sum of nine dollars was for money actually expended by him for running his automobile for the benefit of the district and is a valid expenditure.    (*Sanborn v. Pentland,* 35 Ida. 639, 208 Pac. 401; C. S., secs. 1514, 1515; *Ticer v. State,* 35 Okl. 1, 128 Pac. 493; *United States v. Flanders,* 112 U. S. 88, 5 Sup. Ct. 67, 28 L. ed. 630.)

BUDGE, J.—On June 27, 1922, W. H. Bertrand, W. E. Tarry and M. LeBaron were commissioners of the North

Fork Highway District, Bertrand being president of the board and T. F. Edwards secretary and treasurer. At a special meeting held on June 27, 1922, Bertrand resigned as president and Tarry was elected to succeed him in that position. On July 5, 1922, on account of sickness Bertrand left the district. On September 12, 1922, being the day fixed for a regular meeting of the board, Bertrand was ill at Soap Lake, Washington, LeBaron refused to attend and the only persons present at the meeting were Tarry and Edwards. No quorum being present, the meeting was adjourned by Tarry to September 26, 1922, and at a meeting held on that date Tarry and Bertrand only were present, LeBaron again refusing to attend. The board continued in session on September 26th and 27th and levied the annual taxes for the district, certified the same to the board of county commissioners, called the annual election to be held in November, 1922, provided for the holding of such election, ordered work and improvements done on certain highways within the district, examined claims presented against the district, approved the same and ordered warrants issued to pay them. During the times heretofore mentioned E. E. McGuire was highway director of the North Fork Highway District. This action was brought to enjoin the payment of warrants ordered issued by the board in payment of certain claims allowed at the meeting on September 26th and 27th, to enjoin work on and improvement of highways within the district ordered at such meeting, to recover for the use and benefit of the highway district the amount expended in work and improvements from Tarry, Bertrand and McGuire subsequent to such meeting, and to have the office formerly held by Bertrand declared vacant since July 5, 1922. The North Fork Highway District, its board of commissioners, Tarry and LeBaron as commissioners and Edwards as secretary and treasurer, in their official capacity, Tarry, Bertrand, McGuire and Edwards as individuals, were made parties defendant. From the record it appears that Bertrand was never served with summons and inasmuch as LeBaron entered no appearance and no

default was entered, it is proper to presume that he was not served. The remaining respondents appeared and answered and upon the issues thus framed the cause was tried to the court sitting without a jury. Findings of fact and conclusions of law were made and filed and judgment was entered in favor of respondents, dismissing the action. From this judgment this appeal is taken.

Appellant relies upon seven assignments of error, the first specifying "that the judgment is against the law and the evidence." Under the authority of *Morton Realty Co. v. Big Bend Irr. & M. Co.*, 37 Ida. 311, 218 Pac. 433, this assignment is insufficient and will not be considered.

Assignment No. 7 attacks the action of the court in holding that the meeting of the board on September 26th and 27th was legal. There is no merit in this assignment. The regular meeting should have been held on the 12th of September, 1922. No quorum being present the meeting was adjourned to the 26th day of September by Commissioner Tarry, who was present, and a proper minute entry was made by the secretary adjourning the regular meeting to September 26, 1922. It is elementary that any member of a board or deliberative body, in the absence of a quorum to transact business, may adjourn the meeting to a day certain. Notice of the adjourned meeting was properly given to the absent commissioners. Therefore all business properly coming before the meeting was regularly transacted.

Assignment of error No. 4 involves the action of the court in finding and concluding that Bertrand had not ceased to be a resident of the North Fork Highway District and had not vacated his office as commissioner of such district. Waiving the question as to whether or not title to office can be inquired into in this proceeding, there is a substantial conflict in the evidence touching the question as to whether or not Bertrand remained a resident of the district after resigning as president of the board of commissioners and whether his absence from the district was temporary or permanent. The court found that his absence

was merely temporary due to illness and that he had not abandoned his residence or relinquished his office. This finding of the court is fully sustained by competent evidence and will not be disturbed on appeal. (*Bedal v. Smith,* 36 Ida. 797, 214 Pac. 213; *Viel v. Summers,* 35 Ida. 198, 209 Pac. 454; *Salisbury v. Spofford,* 22 Ida. 393, 126 Pac. 400; *Flynn Group Mining Co. v. Murphy,* 18 Ida. 266, 138 Am. St. 201, 109 Pac. 851; *City of Pocatello v. Bass,* 15 Ida. 1, 96 Pac. 120; *Heckman v. Espey,* 12 Ida. 755, 88 Pac. 80; *Spaulding v. Coeur d'Alene Ry. etc. Co.,* 5 Ida. 528, 51 Pac. 408.)

Assignment of error No. 5 involves the action of the court in allowing a claim presented by Tarry for $9. The claim upon its face recites that it was for "auto hire." The court found that the claim presented was for "gasoline and oil" purchased by Tarry and used in his automobile while transacting business for the district. This claim does not fall within the principle announced in the case of *Sanborn v. Pentland,* 35 Ida. 639, 208 Pac. 401, as contended by appellant, and was a proper charge against the district. There is no merit in appellant's sixth assignment of error.

Assignment No. 2 involves the action of the court in allowing a claim of $12.75 in favor of Bertrand. This claim is questioned as to an item of $11.62 allowed for railroad transportation from Spokane, Washington, to Orofino, Idaho. The claim was allowed in full by the board and judgment was so awarded by the court. C. S., sec. 1514, provides that commissioners of highway districts "shall receive the amount of their actual and necessary expenses incurred in the performance of their official duties." This provision of the statute cannot be construed to mean that a commissioner may journey to a foreign state upon his own personal affairs and charge the district with his railroad transportation in returning to attend a meeting of the board and claim such allowance as his actual and necessary expenses incurred in the performance of his official duties. To hold otherwise would mean that a commissioner might

journey to a foreign land in his own interest or on pleasure bent and charge the district with his transportation in returning to attend a meeting of the board. Under the facts of this case this claim for railroad fare is not a legal charge against the district in any amount in excess of the fare from any point within the district and the judgment should be modified accordingly. There is a suggestion made in appellant's brief with reference to a claim ordered paid at a meeting subsequent to September 26, 1922, but no judgment therefor was awarded in this action and the same is not before us.

Under the last-mentioned assignment of error it is also urged that all of the claims of Tarry allowed at the meeting of September 26th and 27th are illegal, we presume upon the theory that the meetings held on those dates were illegal and none of the claims were properly allowed. This question we have already disposed of.

Assignment No. 3 is as follows:

"The claims of Mr. McGuire, so far as considered salary, should be perpetually enjoined."

Just what is meant by this assignment is difficult to determine. The objection to the payment of McGuire's salary and expenses would seem to be based upon the theory that his appointment had not been properly made by the board and that he had not qualified as required by C. S., sec. 1520. However, the court found that McGuire was at all times mentioned in the complaint the acting highway director of the district and performed labor for its benefit in the matter of supervising and constructing roads within the district at the request of the commissioners; that he made his monthly reports as required by statute which were duly approved and that the district received full value for his salary and expenses; that warrants allowed to cover such salary and expenses were valid and a legal charge against the district. There is no evidence in the record that he failed to comply with the provisions of the statute. Waiving the question as to whether his right to hold office can be raised in a proceeding of this nature, we find there is

ample competent evidence to sustain the finding and judgment of the court in this respect.

The cause is therefore remanded to the trial court with instructions to modify the judgment as herein suggested, and when such modification is made the judgment will be affirmed. Costs are awarded to respondents.

McCarthy, C. J., and William A. Lee, J., and Johnson, District Judge, concur.