(No. 6340. June 27, 1936.)

BENEWAH COUNTY, a Municipal Corporation, Respondent, v. GEORGE E. MITCHELL, Appellant.

[61 Pac. (2d) 284.]

E. V. Boughton, for Appellant.

2

·Wm. D. Keeton, for Respondent.

AILSHIE, J.—Appellant had been engaged in the undertaking business in Benewah county for many years and at the regular election in 1932 was elected coroner of the

county and served in that office from January 7, 1933, to January 14, 1935. Between April 6, 1933, and August 16, 1933, he presented claims amounting to the sum of $302.80 for expenses incurred in the burial of seven deceased persons who had been county charges. The claims were all made "for burial of ————"; then followed the names of decedents, the dates the services were rendered and the amount charged in each case. These claims were allowed by the board of commissioners and subsequently paid.

On April 11, 1935, this action was instituted by the county commissioners to recover the amount so paid the appellant, together with interest thereon from September 11, 1933. Appellant's demurrer to the complaint was overruled and he thereupon answered, setting up two separate defenses. Demurrer to these separate defenses was sustained, and thereafter a motion was made on behalf of the county for judgment on the pleadings; the motion was sustained and judgment was entered in favor of the plaintiff. This appeal is from the judgment.

The appellant was the duly qualified and acting coroner of the county during the period covered by the claims in controversy. His individual and private business was that of an undertaker and as such he buried the deceased indigent county charges. It is admitted that this was not a part of his official duty and he alleges in his separate answer "that the said services were rendered in the performance of the regular business of said defendant and were in no way connected with any of the services or duties incident to the office of coroner." So there is no issue presented here as to the service rendered being any part of his official duties or falling within the provision of sec. 30–2302, I. C. A., with reference to the "burial of unclaimed bodies" by the coroner.

It seems clear to us that the question here presented is covered by sec. 30–1104, I. C. A., which provides as follows:

"No county officer must, except for his own services, present any claim, account or demand for allowance against the county, or in any way advocate the relief asked on the claim or demand made by another.

"Any citizen and taxpayer of the county in which he resides may appear before the board and oppose the allowance of any claim or demand made against the county."

The coroner is a county officer and by the provisions of the foregoing section was forbidden to present a claim against the county for any service other than his official service. This section of the statute not only lays a prohibition against a county officer presenting a claim for any other than "his own services" but has the effect of declaring a public policy with reference to the conduct of such officers. The spirit of this section is reinforced by sec. 57–202, I. C. A., which reads as follows:

"State, county, district, precinct and city officers must not be purchasers at any sale nor vendors at any purchase made by them in their official capacity."

This court had occasion to consider a similar state of facts in the case of *McRoberts v. Hoar*, 28 Ida. 163, 152 Pac. 1046, where a county treasurer entered into a contract with the board of commissioners of his county, whereby he agreed to perform the necessary services in "bringing the land indexes of the county up to present ownership," for which services the commissioners agreed to pay him the sum of $75 per month. In discussing and passing upon this contract the court said:

"The first impression one might receive from this last section is that no county officer must present any claim against the county except for his own services, or advocate the claim of another. However, upon further consideration, a more reasonable interpretation of that statute would be that no county officer may present to the county any claim for services rendered outside of his official duties; and, therefore, he would be precluded from presenting a claim for any extra work done under a contract, or for extra service rendered in the performance of his official duties. He is not obliged to perform any act or acts not prescribed by law, but if he chooses so to do, for such extra services he cannot claim additional compensation and thereby indirectly accomplish what the law prohibts him from doing directly, viz., to increase his emoluments during his term of office. . . . .

"Even though respondent in the case at bar did not enter into the contract in question in his official capacity, but as a private citizen, such contract is nevertheless void; and the compensation paid thereunder is recoverable to the county.

"The acceptance by a public officer of private employment which conflicts with his public duties is sufficient to make such a contract void as against public policy. An official's duty is to give to the public service the full benefit of a disinterested judgment and the utmost fidelity. Any agreement or understanding by which his judgment or duty conflicts with his private interest is corrupting in its tendency. . . . . The fact that the acceptance of such employment was without fraud and prejudice to the interest of the taxpayers is immaterial. Even in the absence of statutory provisions, such a contract is void; as a public official cannot make a contract to regulate his official conduct by considerations of private benefit to himself. (See 6 Ruling Case Law, pp. 739, 740.)"

It is urged here that the foregoing quotations from *McRoberts v. Hoar* were mere *dicta* and not necessary or essential to the decision of that case. We are unable to agree with counsel that the ruling there announced was mere *dictum*. It is true that the same final judgment would have been reached in the case without the discussion above quoted, but the decision would have been incomplete and misleading had the court *affirmed* the judgment which had held the transaction legal without passing on its legality. In other words, the judgment was not affirmed on the ground that the contract was valid but rather because the acts performed under the contract were not embraced within the terms of the statute authorizing removal from office.

The McRoberts-Hoar case was instituted for the purpose of removing the county treasurer from office for violation of sec. 7459, Rev. Codes (I. C. A., sec. 19–4215). The trial court found that the claims presented and allowed were proper charges against the county and that the contract with the county for doing the index work on the books was a valid and legal contract. This court held that the facts

found did not bring the case within the ouster statute (sec. 19–4215, I. C. A.) and that the judgment should be affirmed on that ground and then said:

"Since the trial court, in its findings of fact and conclusions of law, reached the conclusion that the contract entered into between the respondent and the board of county commissioners of Clearwater county was a valid and lawful contract, and not contrary to law or to public policy, and that the respondent was entitled to retain the moneys paid thereunder, we have decided to dispose of that feature of this case."

This court held that the contract was in fact unlawful and in violation of sec. 1946, Rev. Codes (sec. 30–1104, I. C. A.). This latter discussion in the opinion was necessary to make it plain that in affirming the judgment of dismissal the court *was not affirming the holding of the trial court that the contract was legal.*

The McRoberts-Hoar case was cited with approval, on the subject of the "public policy" it announced, in the case of *Sanborn v. Pentland,* 35 Ida. 639, 645, 208 Pac. 401. The ruling in the McRoberts-Hoar case is decisive of this case.

While different states of fact and a different statute were involved, the same legal principle has been upheld by this court in *Fremont · County v. Brandon,* 6 Ida. 482, 56 Pac. 264, *Miller v. Smith,* 7 Ida. 204, 61 Pac. 824, *Kootenai County v. Dittemore,* 12 Ida. 758, 88 Pac. 232, and *Robinson v. Huffaker,* 23 Ida. 173, 129 Pac. 334. Interesting cases have been cited from other jurisdictions but they afford no authority and shed no light on our statutes and so we refrain from citing or discussing them.

The appellant had no more right to supply the county with the necessary materials and render the services of burying the deceased county poor than he would have had to supply the county with fuel or transportation or any other commodity or service the county might require in the ordinary administration of the public business. This statute (sec. 30–1104, I. C. A.) was undoubtedly intended to prevent county officers doing business with the county in any other respect or manner than in the performance of their respective official duties. If such a rule did not prevail, the

officers might furnish the county the various supplies and services required, outside the official duties of their offices, to the great discredit of the public service and public servants and thus give much cause for criticism and discontent among the people, even though such officers did not materially profit from the transactions. The statute here involved is well meant and ought to be scrupulously observed and upheld. The appearance of evil is sometimes just as dangerous and demoralizing as if the *apparent* evil were real.

The judgment will be affirmed and it is so ordered with costs to respondent.

Givens, C. J., and Budge, Morgan and Holden, JJ., concur.

### ON PETITION FOR REHEARING.

#### (October 16, 1936.)

BUDGE, J.—In this case petition for rehearing has been filed and is accompanied by a very interesting brief in support thereof. After examination of the petition and brief, we ordered the respondent to file and serve a reply brief.

We have given this matter more than ordinary attention because of the insistence of counsel for appellant, that we had erred in our original opinion. The chief contention made is, that we failed to note any distinction between claims of executive officers and ministerial officers; and further, that we failed to distinctly pass on the sufficiency of defendant's separate defense of an existing emergency sufficient to suspend the statute and justify the allowance of the claim here involved. It was thought, at the time the opinion was filed, that our holding, to the effect that the statute (sec. 30–1104, I. C. A.) in positive terms forbids any "county officer" presenting "a claim against the county for any service other than his official services," was sufficient to dispose of defendant's separate affirmative defense. The statute in prohibitive form says:

"No county officer must, except for his own services, present any claim, account or demand for allowance against the county," etc.

It will be seen that this statute is all inclusive; it includes both the administrative and executive officers of the county and leaves no opportunity or excuse for distinguishing between the grades of county officers, in its application and operation.

We shall not attempt an analysis of appellant's cases in this opinion. We think, however, no one of them can be said to be directly in point here; and that is due to the fact that the statutes considered all differ in some respects from the statute here under consideration. In *Baker v. Board of County Commrs.*, 9 Wyo. 51, 59 Pac. 797, the court was dealing with a penal statute, in many respects differing from the statute here involved. *United States v. Brindle*, 110 U. S. 688, 4 Sup. Ct. 180, 28 L. ed. 286, was decided under a federal statute and an Indian Treaty, both of very different import from the statute we are considering.

*Mousseau v. Garey*, 200 Cal. 201, 252 Pac. 324, was a case where a county auditor was appointed as purchasing agent. The statute of California (sec. 4041, P. C.) authorized the board of commissioners to appoint a "purchasing agent" and the board appointed the county auditor. The supreme court held that, since the law authorized the appointment of a purchasing agent, and there was no prohibition against a county officer holding the position, his appointment was legal and regular, and that

"The salary paid him as purchasing agent was not paid him for services rendered . . . . as county clerk" and that, "Had plaintiff resigned his office as county clerk the next day after his appointment as purchasing agent said resignation would have had no effect upon his position as purchasing agent and he would have continued to discharge the duties of said last-named position," etc.

So it will be seen that this case is not in point under our statute. We are bound to reiterate that the statute here under consideration is positive and prohibitive in its terms and that the emergency set up by appellant's answer could,

in no way, suspend or obviate the operation of the statute. The suggestion that this holding, in some instances, might leave the county without any person to bury the dead, is not supported by the statute. As suggested in the original opinion, sec. 30–2302 provides for burial of unclaimed bodies by the coroner. That section reads as follows:

"When an inquest is held by the coroner, and no other person takes charge of the body of the deceased, he must cause it to be decently interred; and if there is not sufficient property belonging to the estate of the deceased to pay the necessary expenses of the burial, the expenses are a legal charge against the county."

Our attention has not been called to any statute that prohibits any person burying a dead body. Section 53–1401 does provide for the embalming and preparation of dead bodies for shipment, and in such case requires that this be done by a licensed mortician or undertaker.

We have discovered no valid reason for departing from the holding of the original opinion in this case. Without expressing the opinion of other members of the court I am much in sympathy with the position taken by counsel for appellant. However in my opinion the remedy lies with the legislature. This court is committed to the principle of law announced in the main opinion, from which we are not in a position to depart. Petition will, therefore, be denied.

Givens, C. J., and Morgan, Holden and Ailshie, JJ., concur.