293 P.2d 269

NAMPA HIGHWAY DISTRICT NO. I, a quasi-public corporation, Plaintiff-Respondent,

v.

James H. GRAVES and D. J. Strand, Defendants-Respondents,

A. J. lucker, John lucker, Clyde R. Keithly, and R. L. Hillyard, Intervenors-Appellants.

No. 8328.

Supreme Court of Idaho.

Feb. 1, 1956.

Earl E. Reed, Nampa, for Nampa Highway Dist.

Garrity & Garrity, Nampa, and Givens, O'Leary, Doane & Givens, Boise, for Graves and Strand.

Laurence N. Smith and Meek & Miller, Caldwell, for appellant.

384

KEETON, Justice.

At all time pertinent here defendants and respondents James H. Graves and D. J. Strand were the duly elected, qualified and acting commissioners of Nampa Highway District No. 1, a highway district organized pursuant to Secs. 40–1601 et seq., I.C.

During the years 1951, 1952 and 1953, while commissioners of said Highway District, they received certain moneys paid them by said Highway District for services performed and expenses incurred while acting as superintendent of highways, foreman of bridge construction and superintendent of noxious weed control.

Certain taxpayers of the District appeared before the Highway Board of Commissioners in March, 1954, and informed the Commissioners that said sums of money paid to D. J. Strand and James H. Graves, respondents, and in this proceeding complained of, were in excess of the statutory allowance and in violation of the law, and demanded that suit be instituted for the recovery of such alleged sums so paid. Thereafter suit was commenced in the name of the Highway District against respondents Graves and Strand to have the court determine the validity and legality of the alleged excess payments. This suit was not brought to recover the sums claimed to have been illegally paid as demanded in the notice, but the complaint asked in substance for a declaratory judgment.

On March 31, 1954, the trial judge made an order granting leave to appellants, taxpayers and residents of the District, to intervene and file a complaint in intervention.

An amended complaint in intervention was filed in which the amounts of the alleged unlawful payments were set forth and judgment prayed for against respondents Graves and Strand for said sums so allegedly unlawfully paid and received. Answers were filed to the amended complaint of the Highway District and the amended

complaint in intervention, and on issues joined trial had before the court.

The material facts are not in dispute and from the stipulation of facts and testimony adduced the court found that during the years 1951, 1952 and 1953, the commissioner Graves, while a member of the Highway Board of Commissioners, received money from the District for services for acting as superintendent of highways in the sum of $2,320 and for actual and necessary expenses incurred as such superintendent the sum of $1,894; that during the same period of time respondent commissioner Strand received and was paid by the Highway District from highway funds, as foreman of bridge construction and superintendent of noxious weed control, the sum of $7,048.03. (The amount stated in the findings is $6,048.03, but addition of the sums computed shows the correct amount to be $7,048.03.) These sums so paid and received are in addition to moneys allowed and received by them for services and expenses as commissioners.

We deem the break-down for items included to make up the totals so received by each of said commissioners of no importance.

The court further found that the District received full value for the services performed by each of the respondent commissioners in their capacities as superintendent of highways, foreman of bridge construction and superintendent of noxious weed control, and had it hired some other person or persons to perform the duties, it would have cost as much or more than the sums paid; that the practice of the commissioners herein complained of had been indulged in by other commissioners in former years pursuant to resolutions regularly passed and that some attorney or attorneys at some time in the past had advised the respondents or other commissioners of the District that such practice was lawful. The trial court then concluded that the contracts of employment so made by the commissioners with themselves while members of the Board were not unlawful, or against public policy; that such amounts were lawfully paid and entered a judgment in favor of respondents Graves and Strand and dismissed the action. Appeal was taken by the intervenors from the judgment.

Appellants contend that respondents Graves and Strand, while commissioners of the Highway District, created the officers to which they thereafter appointed themselves to fulfill the duties of such offices so created, and then entered into a contract with themselves as employees of the District and received compensation and expenses as such employees, and in their capacity as commissioners allowed the bills for such services and expenses when presented; that their compensation as commissioners is fixed by statute, Sec. 40–1618, I.C., and payments to any of said commissioners of any sums whatsoever, other than permitted by said section, are in violation of Sec. 40–1619, I.C. and against public policy, and void.

Sec. 40–1618, I.C., of the Highway District Law fixes the amount of compensation that commissioners of a highway district shall receive which is limited to $300 a year, plus actual expenses for the time actually employed in the performance of their duties as commissioners.

Sec. 40–1619, I.C., reads:

"No highway commissioner or any other officer or employee of the district shall in any manner be interested, directly or indirectly, in any contract awarded or to be awarded by the board, or in the benefits to be derived therefrom, other than such interest as may arise from his ownership of property in such district, or contributions to highway construction or improvement; and for any violation of this provision such commissioner or officer shall be deemed guilty of a misdemeanor, and such conviction shall work a forfeiture of his office and he shall be punished by a fine not to exceed $500.00 or by imprisonment not to exceed six months, or by both such fine and imprisonment."

This latter section is conformable to other laws governing other public officers of the State which prohibit similar conduct, and also conforms to the intent expressed in Art. 7, Sec. 10 of the Constitution which prohibits any public officer from making a profit, either directly or indirectly, by the use of public funds or using the money of any taxpaying unit of the State for any purpose not authorized by law.

Sec. 40–1619, I.C., prohibiting the spending of taxpayers' money except as authorized by law is clear, plain and unmistakable and has formerly been enforced by this Court in Sanborn v. Pentland, 35 Idaho 639, 208 P. 401, and is simply a part of the general policy of the State that an administrative or other public officer of a municipality or political subdivision of the State shall not be permitted to profit, directly or indirectly, because of the holding of such office, and his compensation is limited to such sums as have been specifically authorized by statute. Robinson v. Huffaker, 23 Idaho 173, 129 P. 334; 43 Am.Jur. 103, Sec. 294.

The contract of employment in question interferes with the unbiased discharge of respondents' duties to the public as commissioners and places them in a dual position inconsistent with their duties as trustees for the public and all such contracts are invalid even if there be no specific statute prohibiting them. The law invalidating such a contract is based on public policy and the contention that there was no loss to the Highway District is no defense.

It is the relationship that the law condemns and not the result. McRoberts v. Hoar, 28 Idaho 163, 152 P. 1046; Benewah County v. Mitchell, 57 Idaho 1, 61 P.2d 284.

Where an officer accepts an office, the compensation for which is fixed by law, he is bound to perform the duties of the office for the compensation authorized, and

an agreement with the Board of which he is a member to pay him sums not authorized by statute is void. McRoberts v. Hoar, supra; Choate v. North Fork Highway District, 39 Idaho 483, 228 P. 885; 67 C.J.S., Officers, § 101, p. 364.

A public official cannot exercise the dual position of buyer and seller and the commissioners in question cannot sell their services to the District and receive or collect moneys from the District not authorized by law for the work or services so performed.

Respondents contend that the evil condemned by Sec. 40-1619, I.C., refers only to "bid" contracts. There is no merit to the contention. The statute is all inclusive and covers the contracts now being considered.

The fact that respondents acted on the advice of counsel in the matter before us, if they did, is no defense. The case of Ponting v. Isaman, 7 Idaho 581, 65 P. 434, cited by respondents as expressing a contrary view is not in point.

Respondents contend that the taxpayers of the District, appellants here, are not authorized to intervene in the suit.

The appellant taxpayers are interested in the subject matter of the litigation, the outcome of the suit, and come within the provisions of Sec. 5-322, I.C., permitting intervention by any person who has an interest in the litigation, the success of either of the parties, or who has an interest adverse to both.

Respondents contend that the intervenors did not represent the whole or a majority of the taxpayers of the District, and therefore they cannot prosecute the suit or the appeal. There is no merit to the contention. One or more of the taxpayers of the District being aggrieved or interested in the prosecution of the action may so do. It is not necessary or required that a majority of such taxpayers so act.

Respondents further contend that appellants, the intervenors, cannot prosecute this appeal and that the same should be dismissed. The intervenors are aggrieved parties and are authorized by Sec. 13-103, I.C., to prosecute the appeal from an adverse judgment.

The judgment is reversed and the cause remanded with instructions to the trial court to reinstate the cause and enter a judgment against respondent Graves in favor of the Nampa Highway District No. 1 for the sum of $4,214, and a similar judgment against respondent Strand for the sum of $7,048.03. Costs to appellants.

TAYLOR, C. J., PORTER and SMITH, JJ., and BECKWITH, D. J., concur.